UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00212-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JEREMIAH MICAH DEARE (01)**<br>**SARAH ELAINE FOGLE (02)**<br>**DAVE'S GUNSHOP, LLC (03)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion in Limine to Exclude Co-Defendant Statements" (Doc. 81) wherein Defendant, Jeremiah Micah Deare, moves to exclude statements made to federal agents by Co-Defendant and spouse, Sarah Fogle. Deare argues that if admitted at the joint trial, his Sixth Amendment Confrontation Right would be violated.

## INTRODUCTION

Defendant Deare owned Dave's Gunshop, LLC ("Dave's). Deare and his wife, Co-Defendant, Sarah Fogle, and Dave's Gunshop, LLC were indicted in a seven-count indictment for making false statements with respect to licensed firearm dealer records, in violation of 18 U.S.C. § 922(b)(5) (Counts 2-3), failure to file sales records regarding the commercial sales of firearms, in violation of 18 U.S.C. § 923(g)(3) and § 922(m) (Counts 4-7), and conspiracy to engage in the business of dealing firearms without a license, in violation of 18 U.S.C. § 371 (Count 1).

The Indictment states that Dear and Fogle frequently made off-book gun sales through record falsifications or the undocumented transfer of firearms to their unlicensed

side business, which was run out of Deare's home. These transactions allowed Deare to avoid documenting and/or recording these sales on Dave's sales books, which in turn, avoided the payment of state and/or federal taxes and the effects of a judgment lien obtained by the shop's prior owner. Additionally, failing to properly record these sales and sidestepping rules regarding these sales transactions allowed Deare and Fogle to increase their profits by selling firearms to customers who would have failed the required background check.

## **LAW AND ANALYSIS**

Defendant, Deare, argues that any statements made by his wife, Co-Defendant Fogle, that tends to implicate him must be excluded based on the Confrontation Clause of the Sixth Amendment citing U.S. Constitutional Amendment VI, and *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Deare informs the Court that Fogle was interviewed by ATF agents following the execution of two search warrants, at Deare and Fogle's home and on Dave's Gun Shop. Deare also seeks to exclude any "testimonial hearsay," in the form of statements vial affidavits to law enforcement officials, custodial examinations, depositions, and confessions that are in violation of the Confrontation Clause, citing *Crawford v. Washington*, 541 U.S. 36, 51-52 (2004). In other words, any product of an interrogating officer or questioning by a prosecutor if it specifically links Deare to the crime, whether by name or by reasonable inference.

Relying on *Bruton v. United States*, 391 U.S. 123 (1968), Deare argues that redaction or sanitization of Fogle's statements may not cure any prejudice against him at trial. In addition, Deare asserts that any "testimonial hearsay", or statements made "under

circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) would need to be scrutinized for possible prejudice. *United States v. Harper*, 527 F.3d 396, 403 (5th Cir. 2008).

In *United States v. Hamann*, 33 F.4th 759 (5th Cir. 2022), citing *United States v. Kizzee*, 877 F.3d 650, 656-61 (5th Cir. 2017), the *Hamann* court noted three questions to ask to determine if admitted evidence violates the Confrontation Clause. "First, did the evidence introduce a testimonial statement by a non-testifying witness? Second, was any such statement offered to prove the truth of the matter asserted? Third, was the non-testifying witness available to testify, or was the defendant deprived of an opportunity to cross-examine him?" If the answer to each question is yes, a violation will have occurred. Quoted in *Hamann* at 33 F.4th at 767. Deare argues that without an opportunity for the defendant to cross-examine the declarant of testimonial statements, such hearsay statements are inadmissible. *Melendez-Diaz* 557 U.S. at 309.

Consequently, Deare requests that any testimony or evidence offered by the government which might implicate either *Bruton* or *Crawford* rules of confrontation be submitted to the Court for ruling before presentation to the jury.

In response, the government informs the Court that after the search warrant was executed at their home, Fogle agreed to a non-custodial interview with ATF agents. In that interview, Fogle admitted to recently purchasing 70 firearms, and admitted to attending gun shows in Louisiana, Texas, Arkansas, Alabama, and Mississippi to sell firearms. Fogle admitted that at these gun shows, Deare and Fogle accepted CashApp, Venmo, Paypal and

U.S. currency as forms of payment for the firearms they sold. Fogle further admitted that several hundred firearms had come into their residence, and out of the home to be sold at gun shows. Finally, Fogle admitted she has been buying and selling firearms with Deare for the purpose of buying more inventory, and to pay personal bills.

The government asserts that Fogle's confessions confirms that Deare and Fogle's conduct meets the definition of "engaged in the business" and that these transactions were conducted without a license. However, the government concedes that this otherwise admissible hearsay statement, is "testimonial" if used against Deare in the government's case-in-chief, and under the *Bruton* rule, the devastating effect of such evidence would violate Deare's constitutional right to cross-examine Co-Defendant, Fogle.

However, the government asserts that such testimony may be used against Fogle, or against Deare during his case under certain circumstances, or against both if Fogle testifies. The government relies on a more recent case, *Samia v. United States*, 2023 WL 4139001 (U.S. June 23, 2023), which modified the *Bruton* rule. In *Samia*, the Supreme Court held that a redacted confession of a co-defendant, which replaced the Defendant's name with neutral references, coupled with a limiting instruction, sufficed to avoid any *Bruton* problem, even where there was evidence that linked the Defendant to the co-defendant's confession. See generally, *Samia v. United States*, No. 22-196, 2023 WL 4139001 (U.S. June 23, 2023). The Court noted co-defendant Stillwell's confession was redacted to avoid naming Samia, and with neutral non-direct references, satisfied the *Bruton* rule. *Samia*, WL 4139001 at 10-11. It further noted the necessity of the government's use of the

confession to prove an essential element and to meet its heavy burden of proving Stillwell's conduct within the conspiracy. *Samia*, WL 4139001 at 10.

Based on *Samia*, the government argues that in Fogle's case, it must be allowed to meet the required elements regarding her involvement in the conspiracy. Simply recounting her statements as conduct *she* engaged in, without even referencing another person, would fall in line with *Samia's* modification of *Bruton,* especially with a limiting instruction to the jury that those statements can only be used against Fogle and her involvement in the conspiracy. The government remarks that the *Samia* court recognized the *Bruton* rule applies only to "directly accusatory" incriminating statements, as distinct from those that do "not refer directly to the defendant" and "become incriminating only when linked with evidence introduced later at trial. Additionally, the Supreme Court recognized that confessions are "essential to society's compelling interest in finding, convicting, and punishing those who violate the law." *Samia*, WL 4139001 at 11.

The government also agrees that as suggested by counsel for Deare, this Court should consider the issue of Fogle's confession in greater detail prior to presentation of the evidence, should the government elect to use her confession against her in its case-in-chief. The government suggests that it submit in its proposed jury instructions a proposed sanitized confession and corresponding jury instruction so that both can be reviewed by the Court and counsel for Deare prior to trial. The Court agrees that this will be the best way to proceed.

Regarding Deare's case, the government maintains that if he chooses to testify under oath contrary to Fogle's confession, evidence may be used against him for impeachment,

Page **5** of **6**

but also with a limiting instruction. See *Tennessee v. Street*, 471 U.S. 409, 415-417 (1985) (confession may be used for the legitimate limited purpose of rebutting testimony, with a limiting instruction). See also *Crawford*, 541 U.S. at FN9, citing *California v. Green*, 399 U.S. 149, 162 (1970) (when the declarant of such statements appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements). Thus, the government contends that if Fogle testifies, the confession is admissible to be used against Deare, without a limiting instruction. The Court agrees with the government as to the use of Fogle's confession, should Deare testify at trial and that testimony is contrary to Fogle's confession.

## **CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** that the motion to exclude is **DEFERRED**. The Court will address the issue after the government sanitizes those portions of the confession and declares if it intends to use the sanitized portions of the confession against Fogle in its case-in-chief, and the government submits an appropriate jury instruction.

**THUS DONE AND SIGNED** in Chambers on this 25th day of July, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE