UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 6:21-cr-00212** |
| **VS.** | * | **JUDGE JAMES D. CAIN, JR.** |
| **JEREMIAH MICAH DEARE(01)** | | |
| **SARAH ELAINE FOGLE (02)** | | |
| **DAVE'S GUNSHOP, LLC (03)** | * | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Suppress [doc. 96] filed by defendant Jeremiah Micah Deare. Through this motion he seeks to suppress physical evidence obtained during a search of 924 Kaliste Saloom Road, Suite D, Lafayette, Louisiana. His codefendant, Sarah Fogle, adopts the motion. Doc. 105. An evidentiary hearing was held, and defendants produced testimony from Special Agent Robert Bodin, one of the agents who conducted the search at issue. Doc. 119. Based on our review of the law, the memoranda filed by the parties, and the testimony adduced at the hearing, we **RECOMMEND** that the motion be **DENIED**.

### I.
#### BACKGROUND

Defendants Deare and Fogle were indicted for conspiracy to willfully and intentionally engage in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 371. Doc. 1, pp. 5–6, ¶ 17. The indictment alleges that defendants Deare and Fogle "engaged in the business of dealing firearms without a license for the purpose of livelihood or pecuniary gain by acquiring and selling firearms without complying with the recordkeeping and background check requirements as set forth by statute and regulation." Doc. 1, p. 6, ¶ 18. Defendant Deare was also indicted for making false statements with respect to records

of licensed firearms dealers. Doc. 1, pp. 12–13.  The indictment specifically alleges that defendant Deare, acting as owner and responsible party for Dave's Gunshop, did willfully sell and deliver a firearm without noting in Dave's Gunshop's records the information required to be kept by law, i.e., the buyer's name, age, and place of residence. *Id.*  Additionally, the indictment alleges that defendant Deare falsely claimed in the records of Dave's Gunshop that he sold a firearm to a resident of Louisiana when defendant instead retained possession of the firearm. *Id.*

After an incident at a gun show, agents at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") searched the Federal Licensing System to determine if Deare's Federal Firearms License ("FFL") was active; the FFL was listed under Dave's Gunshop and was active. Doc. 109, att. 1, ¶ 10.  An agent subsequently drove by Dave's Gunshop to confirm that the store front was open for business. *Id.* at ¶ 11.  Agents investigated Deare's activities at the gun shows and compared them to the shop's records as reported to the government when they noticed multiple inconsistencies, including in the completion of ATF-4473 forms. *Id.* at ¶¶ 12–13.  Agents then went to Dave's Gunshop at 924 Kaliste Saloom Road, Lafayette, Louisiana, but the shop was closed for a gun show. *Id.* at ¶ 14.  Agents presented a search and seizure warrant application to United States Magistrate Judge Patrick J. Hanna, and the warrant was issued. Doc. 109, att. 1.

ATF Special Agent Robert Bodin, who participated in the execution of the search warrant, testified at the evidentiary hearing for this Motion to Suppress. Doc. 119.  When preparing the search warrant application, agents looked at the information that was publicly available to find the correct address for Dave's Gunshop: all publicly available information—including the business's website and social media accounts, as well as its registration with the Louisiana Secretary of State—lists 924 Kaliste Saloom Road, Suite B, Lafayette, Louisiana, with no mention of Suite D. *See* doc. 109, p. 7.

Bodin testified that agents conducted surveillance of Dave's Gunshop for about four or five hours before executing the warrant. While surveilling the shop, agents saw people using the front doors of Suite B to enter and exit the business, but no one used Suite D's external doors. Bodin also explained that once agents arrived at Dave's Gunshop to execute the warrant, employees of the shop opened those same doors of Suite B for the agents.

Bodin testified that once the agents entered the front doors, they had access to the entire space used by Dave's Gunshop: he did not recall needing any other doors to be opened by the employees or busted down by law enforcement. After entering the front door of Suite B, the entire space looked like one big room as well as a bathroom, a storage room, and a hallway with a safe and another bathroom, but no markers or indicators suggested that the areas accessible to the officers during the search were not part of Dave's Gunshop. At the evidentiary hearing, the government introduced photographs of the shop taken during the search, which were also attached to the government's opposition to the instant motion. Doc. 109, att. 3.

Bodin went on to explain that other businesses used the other suites in the building at 924 Kaliste Saloom Road, and it was clear where those businesses ended and Dave's Gunshop began because those stores were all separated from Dave's Gunshop, and Dave's Gunshop was not accessible from those businesses. However, nothing inside Dave's Gunshop indicated that part of the area was Suite D instead of Suite B or that it was not part of the gun shop.

During the search, defendant Fogle and someone purporting to be an attorney arrived and told the agents that they had to stop the search because they were searching Suite D. Bodin informed defendant Fogle and the attorney that the agents had a warrant for Dave's Gunshop, nothing indicated that the area Fogle identified as Suite D was not part of the gun shop, and Suite D had guns and documents listed in the warrant, so they were going to finish the search. During

the search, agents found firearms. Defendants allege that, in Suite D, agents also found ATF-4473 forms, which are required to be kept at the FFL's location. *See* doc. 96, att. 1, p. 2.

Defendant Deare filed the instant motion to suppress the ATF-4473 forms, as well as other items seized from Suite D, claiming that the warrant allowed only the search of Suite B. Doc. 96. Defendant Deare also asserted that Suite D was not part of Dave's Gunshop. *Id.* Defendant Fogle adopted the motion. Doc. 105. Defendants do not contest the validity of the warrant as it pertains to Suite B.

The government opposes the motion, arguing that the good faith exception to the exclusionary rule applies to any evidence obtained from Suite D because the agents acted reasonably and in good faith in believing they were authorized to search Suite D as part of Dave's Gunshop. Doc. 109, pp. 4–8. The government contends, in the alternative, that the warrant's description specified Suite B of 924 Kaliste Saloom Road so the officers could locate Dave's Gunshop and that the warrant authorized the search of Dave's Gunshop's premises, which included Suite D, rendering the good faith exception unnecessary. *Id.* at pp. 8–9.

## II
### LAW AND ANALYSIS

The Fourth Amendment protects an individual's right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The remedy for evidence seized by law enforcement in violation of the Fourth Amendment is the exclusion of the unconstitutionally seized evidence at trial. *Davis v. United States*, 131 S. Ct. 2419, 2426 (2011). This exclusionary remedy is not a personal constitutional right, but a remedy aimed at preventing police misconduct. *See United States v. Leon*, 104 S. Ct. 3405, 3412 (1984) (quoting *United States v. Calandra*, 94 S. Ct. 613, 620 (1974) ("The rule thus operates as 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent

effect, rather than a personal constitutional right of the party aggrieved.'")). The burden generally rests on the defendant to show, by a preponderance of the evidence, that the material in question was seized in violation of his constitutional rights. *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993).

Where the challenge involves a search supported by a warrant, the inquiry begins with whether officers can claim shelter under their good faith reliance on that warrant. *Leon*, 104 S. Ct. at 3420; *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). The defendant bears the initial burden of showing the good-faith exception does not apply. *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017). If the good-faith exception applies, the court will not explore the validity or sufficiency of the warrant unless the case involves a "novel question of law" within Fourth Amendment jurisprudence. *Satterwhite*, 980 F.2d at 320. Finding no novel questions of law, we therefore consider the challenge to good-faith reliance first and will address the defendants' specific challenges to the warrant only if we reject the government's claim of good faith reliance.

Defendant argues that law enforcement "impermissibly extended the search" beyond the limits of the search warrant. Doc. 96, att. 1, p. 2. The government counters that the good-faith exception to the exclusionary rule applies because the agents acted reasonably and in good faith in believing they were authorized to search Suite D as part of Dave's Gunshop. Doc. 109, pp. 7–8. Alternatively, the government argues, the good-faith exception is unnecessary because the warrant's description of Dave's Gunshop was sufficient for officers to locate and search the intended premises, and because Suite D was part of Dave's Gunshop, no other premises were mistakenly searched. Doc. 109, pp. 8–9.

In *United States v. Leon*, 104 S.Ct. 3405 (1984), "the Supreme Court held that the Fourth Amendment does not require the suppression of evidence obtained as a result of objectively reasonable reliance on a warrant, even if the warrant is subsequently invalidated." *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (citing *Leon*, 104 S. Ct. at 3420). The central issue currently before us is that the warrant listed only the publicly listed address for Dave's Gunshop, 924 Kaliste Saloom Road, Suite B, Lafayette, Louisiana; the warrant does not mention Suite D. We find that the agents acted reasonably and in good faith in their belief that the warrant permitted the search of Suite D.

In numerous cases, the Fifth Circuit has relied on the good-faith exception to uphold the admission of evidence obtained from two separate addresses when only one address was listed in the warrant. *See United States v. Scully*, 951 F.3d 656, 664–66 (5th Cir. 2020) (finding officers acted reasonably and in good faith when providing in the warrant the address listed in company documents, 1015 East Cliff Drive, and then believing the warrant also covered 1015½ East Cliff Drive); *United State v. Carrillo-Morales*, 27 F.3d 1054, 1063–64 (5th Cir. 1994) (applying the good-faith exception to excuse a search of 1418 West Avenue pursuant to a warrant authorizing the search of 1414 West Avenue and noting that the business's name was painted on both buildings). *See also Untied States v. Judd*, 889 F.2d 1410, 1413 (5th Cir. 1989) (explaining that an error in description is not always fatal to a search warrant); *United States v. Melancon*, 462 F.2d 82, 92–94 (5th Cir. 1972) (concluding that a warrant listing only defendant's business address— Route 2, Box 623—also authorized search of defendant's residence located at Route 2, Box 622 where no fence separated the parcels, there was a pathway worn between the parcels, and defendant listed Box 623 as both his business address and residence on federal firearms license application).

In the instant matter, Bodin testified at the evidentiary hearing that the address listed in the warrant application was the address advertised to the public, including on Dave's Gunshop's website and social media accounts. He also asserted that during surveillance of the premises, people who came and went from the shop used only the Suite B doors. Though additional research might have led the government to discover the separate address of Suite D,[1] it was reasonable to believe that the publicly available address, which is also the only address listed with the Louisiana Secretary of State (per Bodin's testimony), was in fact the address of Dave's Gunshop. *See Scully*, 951 F.3d at 665 ("Though the Government could have done more and with additional research may have discovered the separate addresses, it was reasonable to believe that the address listed on the company documents as the West Coast Regional Office was in fact the address of the office.").

In support of the Motion to Suppress, defendants presented two pictures showing stickers with the letter "D" on them, but the pictures are very close up and show almost none of the surrounding area, leaving us unable to discern where they were taken. Doc. 96, atts. 3–4. In contrast, the government presented two pictures of the front door of Dave's Gunshop (one far away and one close up) in which we saw no stickers distinguishing Suite B from Suite D. Doc. 109, att. 3, pp. 1–2. During the hearing, Bodin indicated that the door in the government's pictures was the door agents entered through to execute the warrant.

Suites B and D were connected within the same building. Doc. 109, p. 7. Inside Suite B, there were no markings or other identifiers to indicate that the rooms accessible from Suite B were not a part of Dave's Gunshop. *Id.* at pp. 4, 7. Furthermore, there was no visible indication that any area was "Suite D," and agents could easily access that area without unlocking any doors. In fact,

---

[1] In response to the Motion to Suppress, the government attached to its opposition brief a lease agreement for 924 Kaliste Saloom Road, Suites B, C, and D, naming Dave's Gun Shop, LLC as lessee. Doc. 109, att. 2. During the evidentiary hearing, Bodin testified that he was unaware of the lease agreement at the time of the search.

Bodin indicated that he was unaware that the agents were searching something other than Suite B until defendant Fogle and someone claiming to be an attorney appeared and told the agents they had to stop the search because they were in Suite D. However, Bodin informed Fogle and the attorney that he had a warrant for Dave's Gunshop and that there were guns and documents in that part of the building, so agents continued the search. *See* doc. 109, p. 4. Based on the information and arguments presented, we find that defendant did not meet his burden. Thus, we find that, under the circumstances, the officers acted reasonably and in good faith in believing that the warrant covered both Suite B and Suite D.

### III
#### CONCLUSION

For the reasons given, we **RECOMMEND** that the Motion to Suppress [doc. 96] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE